**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**ELITE SUPPLIER GROUP, INC.**
**d/b/a ELITE GLOBAL BRANDS**                    **PLAINTIFF/COUNTER-DEFENDANT**

**V.**                                    **CASE NO. 5:24-CV-5209**

**D.H SMITH & ASSOCIATES, LTD.**
**d/b/a CREATIVES SALES & MARKETING**        **DEFENDANT/COUNTER-PLAINTIFF**

**ORDER**

Now before the Court are Defendant/Counter-Plaintiff D.H. Smith & Associates, Ltd., d/b/a Creatives Sales & Marketing's ("CSM") Motion to Dismiss Count II of the Counterclaim (Doc. 11) and Brief in Support (Doc. 12) and Plaintiff/Counter-Defendant Elite Supplier Group, Inc., d/b/a Elite Global Brands's ("EGB") Response in Opposition (Doc. 16) and Brief in Support (Doc. 17). On January 7, 2025, the Court held a motion hearing by videoconference and entertained oral argument.

EGB, an Arkansas citizen and manufacturer of household and decorative goods, retained CSM, a Texas citizen, to promote and sell EGB's retail products to a nationwide retailer—Hobby Lobby. According to EGB and CSM's March 8, 2024 sales brokerage agreement (Doc. 7, pp. 13–15), CSM would be paid a three-percent commission on all consummated orders of EGB products procured for Hobby Lobby stores. *See id.* at p. 15. On or about August 8, 2024, EGB terminated the parties' brokerage agreement after learning that CSM allegedly provided EGB's competitor "with critical information and advice on how to obtain [Hobby Lobby] business, including providing information that CSM obtained through its agency with EGB." (Doc. 4, ¶ 19). EGB then sued CSM for breach of fiduciary duty and breach of contract. CSM filed an Answer denying EGB's

1

allegations and a Counterclaim (Doc. 7) asserting that EGB owes it $151,037.09 in brokerage commissions on millions of dollars of product sold to Hobby Lobby. The Counterclaim includes four counts: breach of contract, violations of the Texas Sales Representative Act ("TSRA"), failure to pay on an open account, and unjust enrichment.

EGB now moves to dismiss Count II of the Counterclaim for violations of the TSRA. According to that statute, a business will owe treble damages and attorney's fees to a sales representative for failing to tender unpaid commissions. *See* Tex. Bus. & Com. Code Ann. § 54.001, *et seq.* However, the TSRA only applies to contracts "between a principal and a sales representative under which the sales representative is to *solicit* wholesale orders *within this state* . . . ." *Id.* at § 54.002(a). (emphasis added). ESG argues that CSM did not solicit wholesale orders of ESG's products from Hobby Lobby "within" Texas because: (1) Hobby Lobby is headquartered in Oklahoma, (2) all orders were billed to Hobby Lobby's headquarters in Oklahoma, and (3) all of ESG's products were manufactured in China and shipped directly to Hobby Lobby's warehouse in Oklahoma. *See* Doc. 7, pp. 16–39. CSM responds that the TSRA applies whenever a sales representative is *physically located* in Texas and brokers the sales from there—regardless of the end-customer's location.

The text of the TSRA provides no guidance to the Court in resolving this dispute, but three cases cited by the parties are helpful. First, it appears the Texas Court of Appeals dismissed a TSRA claim when it was clear that a sales representative's territory was entirely outside the state of Texas. *See PenWell Corp. v. Ken Assocs., Inc.*, 123 S.W.3d 756, 769 (Tex. Ct. App. 2003). Similarly, the United States District Court for the District of New Hampshire dismissed a TSRA claim by a sales representative that was

2

not "engaged to solicit orders within the state of Texas," but instead targeted customers in the Northeast. *Sky Sys. of Plymouth, NH, LLC v. Sentech Architectural Sys., LLC*, 2012 WL 3689066, at \*2 (D.N.H. Aug. 27, 2012). Finally, the United States District Court for the Northern District of Texas dismissed a TSRA claim where there was "no evidence in the record that [the sales representative] ever solicited wholesale orders in Texas." *Thomas v. First Fitness Int'l, Inc.*, at \*5 (N.D. Tex. June 30, 2010).

In the case at bar, it is undisputed that Hobby Lobby retail stores are located nationwide, including Texas; however, CSM solicited orders exclusively within Oklahoma, where the retailer's headquarters, buyers, and warehouse are located. Counsel for CSM confirmed this fact during the motion hearing, when the Court asked him whether he was "aware of facts in which there was a physical act of solicitation that occurred entirely within the state of Texas, whether it be wining and dining a Hobby Lobby buyer in Texas, whether it be meeting with a Hobby Lobby Buyer in the state of Texas, or whether it be delivering the product to a warehouse in Texas." Counsel responded, "No."

Since CSM did not broker sales to Hobby Lobby within the state of Texas, **IT IS ORDERED** that ESG's Motion to Dismiss (Doc. 11) is **GRANTED** and Count II of the Counterclaim is **DISMISSED** for failure to state a claim.

**IT IS SO ORDERED** on this 23rd day of March, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3